# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5549 | **DATE** | 1/24/2002 |
| **CASE TITLE** | City of Chicago vs. Cigna | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Decision on Rule to Show Cause: For the reasons stated in the Memorandum Opinion and Order, the Court finds that the conduct of the City in connection with the settlement conferences in this case was contrary to Fed. R. Civ. P. 16 and this Court's Standing Order for Settlement Conference; however, the Court decides not to enter sanctions against the City. All matters relating to the referral of this case having been concluded, the referral is closed and the case is returned to the assigned judge. **ENTER MEMORANDUM OPINION AND ORDER.** *[signature: Geraldine Soat Brown]*

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 25 2002 date docketed | |
| | Notified counsel by telephone. | | | 87 |
| | Docketing to mail notices. | | CM docketing deputy initials | |
| | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | 1/22/2002 date mailed notice | |
| tw | courtroom deputy's initials | Date/time received in central Clerk's Office | tw mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
JAN 25 2002

| | | |
|---|---|---|
| THE CITY OF CHICAGO | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 99 C 5549 |
| | ) | |
| v. | ) | Judge Joan Humphrey Lefkow |
| | ) | Magistrate Judge Geraldine Soat Brown |
| CIGNA PROPERTY AND CASUALTY | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Geraldine Soat Brown, United States Magistrate Judge

This Court previously issued a Rule to Show Cause [dkt 80] requiring plaintiff the City of Chicago ("City") to show cause why it should not be sanctioned for its actions in connection with the settlement conferences held by this Court. On January 10, 2002, the City filed its response to that Rule. [Dkt. 85.] No other party filed a submission on the issue, although they were permitted to do so. (Minute order, Dec. 6, 2001.) On January 15, 2002, the parties appeared for a status hearing and reported that settlement had been reached as to this case and to all aspects of the state court cases except for the City's claim against Alvord, Burdick &Howson. However, that settlement does not moot this decision because the conduct giving rise to the Rule to Show Cause was not City's previous decision not to settle the case but rather the City's actions in connection with the settlement conferences. The Court finds that the City's Response does not demonstrate that the City's actions conformed to the requirements of Rule 16 and this Court's Standing Order. On the contrary, the City's Response demonstrates that the City did not conform

to the requirement of the Standing Order that the City's representative with "full settlement authority must personally attend" each of the settlement conferences.

The City argues that its representatives at the first three settlement conferences had been granted full settlement authority by Michael Forti, the Deputy Corporation Counsel in charge of the litigation. (Resp. at 4.) The City also states that after each conference the City's representatives who had been present at the settlement conference updated Mr. Forti, so as to create a "seamless transition" when Mr. Forti appeared at the last settlement conference. (Resp. at 6.) However, the City fails to respond to that part of the Rule (at 3, 7) which refers to the need for persons who will be participating in the settlement decision to appear *personally* and participate *directly*. The Court's Standing Order states, "The Court strongly believes that the personal presence of the parties, and their direct participation in the discussions and 'give and take' that occur, will materially increase the chances of settlement." (Standing Order at 2.) The City was wrong to assume, contrary to that provision of the Standing Order, that "updating" Mr. Forti was an adequate substitute for compliance with that requirement.

The City attached Mr. Forti's affidavit to its Response. In that affidavit Mr. Forti states that he "insisted on attending" the last settlement conference. (Forti Aff. ¶ 4.) If, in fact, the persons who represented the City at the prior settlement conferences had been delegated full settlement authority, there was no reason for Mr. Forti to insist on attending the last one.

The City and Mr. Forti state that, as the Deputy Corporation Counsel of the Commercial Policy Division, Mr. Forti supervises 25 attorneys and has responsibility for hundreds of files, and that, as a practical matter, it is impossible for him to attend each settlement conference. (Resp. at 5; Forti Aff. ¶¶ 2, 10.) The Court does not tell the City which individual must attend a

2

settlement conference as long as there is compliance with Rule 16 and the Court's Standing Order. However, what the City says it did here–delegate authority to particular representatives for most of the settlement conferences and then withdraw that authority for the final settlement conference– is not compliance with the Standing Order.

As to the second reason for the Rule, the City's undisclosed precondition that the Luedtke counterclaim be resolved, the City's explanation is simply contrary to the facts. The City states that its reason for the rejecting the defendants' last offer was not the Luedtke counterclaim, which the City states "played no role in the failure of the case to settle," but rather, that the City's refusal to settle was based on the fact that the defendants' last offer "did not approach the number the City appropriately was demanding to resolve its claims." (Resp. at 9, 12.) The facts are to the contrary. The defendants' last offer was 94.26% of the City's final demand. By any reasonable construction, that was "approaching" the City's demand. When asked specifically why the City would not accept an offer that was so close to its demand, Mr. Forti told the Court it was because the City still had exposure on the Luedtke counterclaim.

Thus, the Court finds that the City has not shown cause why it should not be sanctioned, and further finds that the City's actions were contrary to the Court's Order and Rule 16. The issue then becomes what sanctions, if any, should be entered. The fact that the case ultimately settled is not relevant because, as noted above, the purpose of the Rule to Show Cause is not to coerce the City to settle. The purpose is to enforce the Court's Order and Rule 16, and to provide some remedy to the other parties for the injury and expense that they incurred because they complied in good faith with that Order and Rule while the City did not. In this respect it is significant that no other party filed any submission regarding the Rule. Apparently, the other

3

parties are satisfied that the settlement ameliorates any injury and unnecessary expense that they incurred by attending the final settlement conference. The Court assumes that the Rule to Show Cause and this Opinion expressing disapproval of the City's actions will be sufficient to deter any repetition of those actions. Thus, the Court has decided not to enter any sanctions against the City for the actions cited in the Rule to Show Cause.

All matters relating to the referral of this case having been concluded, the referral is closed and the case is returned to the assigned judge.

IT IS SO ORDERED.

/GERALDINE SOAT BROWN
United States Magistrate Judge

DATED: January 24, 2002